Howard T. Hogan, J.
Plaintiff, in an action for a permanent injunction restraining defendants from conducting a day camp upon certain premises located within an unincorporated area of the Town of Hempstead, moves for an injunction pendente lite.
*758 The court is confronted once more with a situation wherein a person or persons acquire a substantial property in a residential area, apply to the Regents of the University of the State of New York for a charter to operate a “ nursery school and kindergarten,” to be operated for profit, and when this is obtained, proceed to improve the premises with outdoor swimming pools, playing fields and playground equipment.
Following the now familiar pattern, the next step is to advertise to the public by various means the fact that a day camp is to be operated upon the premises during the summer months. These particular defendants have prepared a brochure for such a purpose in which the words “ school” or “ kindergarten ” are totally absent. The program and activities are listed as being:
Camp Craft Campfires — Cook-outs Woodworking Treasure Hunts Dancing
Horseback Riding
Roller Skating
Boxing
Wrestling
Archery
Bowling
Ping Pong
Carnes
Baseball
Basketball
Softball Volley Ball Tennis
Paddle Tennis Badminton Tether Ball Dodge Ball Newcombe Shuffleboard Coif Quoits
Field Carnes Arts & Crafts Nature Study
Day camps are not permitted uses in residential areas under the Building Zone Ordinance of the Town of Hempstead. The reasons for their exclusion are obvious to any home owner. No one can deny that they depreciate the value of properties in the immediate neighborhood, that nearly all their activities are conducted outdoors, that the presence of 150 or more small children can destroy the peace and quiet of a neighborhood, particularly in this day of summer outdoor living.
While day camps may be a boon to parents who wish the summer activities of their children to be supervised by others, they frequently are a source of annoyance to their neighbors. However, the validity of the plaintiff’s ordinance needs no support at this time since it is not now under attack. Defendants, instead, insist that they have a provisional charter for a nursery school and kindergarten, and that is what they are *759 operating. They urge that their own brochure mis-labels their establishment, admitting by inference that they are willfully misleading parents into the belief that they are enrolling their children in a day camp, when, in fact, they are actually entering a nursery school or kindergarten. Since the provisional charter does not limit the defendants to the nine and one-half months of the regular school year, they can and do insist that they are operating a summer school. The plaintiff town virtually finds itself between Scylla and Charybdis. When it seeks to enforce its ordinance prohibiting day camps in a residential area, the defendants put on their other hat and say “We are not operating a day camp. This is a nursery school.”
What is the difference between the forbidden and the permitted uses? There is no requirement in the charter that the latter be conducted indoors or that it may 'not include swimming, baseball, archery, riding and other sports, nor does it prescribe any required subjects and hours of instruction. The Department of Education has furnished the court with a summary of the petition upon which this charter was issued. It reads as follows:
“ The purposes for which such corporation is to be formed are:
“1. To establish a school for children with a curriculum fitted to their needs in a modern world.
“2. To establish a school which will plan experiences for its children for social, physical, emotional and mental growth.
“3. To establish a school which will encourage close cooperation of home and school in the whole process of education.
“ 4. To establish a school which will foster good citizenship.
“5. To establish a nursery school for the education of children in the pre-elementary grades.”
If a charter is to be issued upon such vague and general terms it is utterly impossible for any court to determine on affidavits whether the petitioner is in fact operating a day camp or a nursery school and kindergarten. With this dilemma until some definite standards are set and some distinction made by the Department of Education or by the Legislature, the court has no rule to follow.
Defendants have represented that they will terminate operations for this summer on August 22. Under all the circumstances, and without proof by plaintiff of a clear legal right, this application for an injunction pendente lite is denied.